# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL NO. 2:08CR27

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| DONALD STEPHEN SCOTT ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's appeal and motion for revocation of the Magistrate Judge's Order of Detention. For the reasons that follow, Defendant's appeal and motion for relief are denied.

## I. BACKGROUND

The Defendant is charged with 15 counts of various child pornography offenses under 18 U.S.C. §§ 2252(a)(1), 2252(a)(2), and 2252(a)(4)(B). **Bill of Indictment, filed August 5, 2008.** The offenses charge the possession, transmittal, and receipt of images depicting minors engaged in sexual activity through the use of a laptop computer owned by Defendant.

On August 20, 2008, Defendant entered a plea of not guilty to all charges at his arraignment. On September 26, 2008, Defendant filed a motion to suppress any and all evidence obtained from his computer and any inclupatory statements he made flowing from the seizure of the computer by law enforcement. After an evidentiary hearing on October 10, 2008, the undersigned entered an order denying the motion to suppress. ***See* Memorandum and Order, filed November 17, 2008.** In that Memorandum, the undersigned made numerous findings of fact and such are incorporated herein as though fully set forth.

On November 21, 2008, Defendant filed a notice of intent to change his plea from not guilty to a conditional plea of guilty, reserving the right to appeal the denial of his motion to suppress. On December 4, 2008, the Defendant and counsel appeared before the Magistrate Judge for a Rule 11 hearing at which time Defendant entered a plea of guilty to all charges contained in the indictment. **Rule 11 Inquiry and Order of Acceptance of Unwritten Plea, filed December 4, 2008.** After the Court accepted the Defendant's guilty plea, the Government moved for an order revoking Defendant's bond and for detention pending a sentencing hearing. The Magistrate Judge granted the Government's motions over the Defendant's

objections, and a formal detention order was filed. See **Order, filed December 9, 2008.** Defendant's appeal and motion followed. The undersigned has considered the record in this matter, including the Court's prior orders and the FTR recordings of the Rule 11 and detention hearings held before the Magistrate Judge on December 4, 2008.

## II. DISCUSSION

Defendant moves this Court for an order of release pursuant to the provisions of 18 U.S.C. § 3145(c) contending that "exceptional reasons" exist to permit Defendant's release pending sentencing.[1]

This provision provides in its entirety:

> (c) **Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of [title 18]. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate.

**18 U.S.C. § 3145(c) (emphasis added).**

---

[1] A sentencing hearing has not yet been scheduled as the Court and parties are awaiting a presentence investigation report.

Defendant offers the following "exceptional reasons" why he should be released pending sentencing.

Defendant is 66-years-old and has a history of prostate cancer, which is currently in remission. **Defendant's Notice of Appeal and Motion for Revocation of the Magistrate's Order of Detention, filed December 11, 2008, at 1-2.** Prior to pleading guilty to the charges herein, Defendant had no criminal record. *Id.* at 2. Defendant has been married for 30 years and together he and his wife raised a daughter and step-daughter. *Id*. Defendant has three step-grandsons with whom he enjoys a good relationship. *Id*. Defendant and his wife have been estranged since shortly after his arrest on the charges leading to his indictment. *Id*. After serving a year in the United States Army in Vietnam, the Defendant returned to the United States and operated a manufacturing business in Ohio. *Id*. Defendant sold the business and moved to Murphy, North Carolina, and obtained a real estate license. *Id*. Defendant began working as a real estate agent and was so employed at the time he was arrested. *Id*. Defendant was originally arrested by state authorities and he posted a

$150,000 secured bond with the help of family.[2]  *Id*.  After his federal indictment was filed, Defendant was arrested and released on a $150,000 unsecured bond.  *Id*.  The state charges were dismissed and his bond released.  *Id*.  Defendant promptly informed his counsel, who in turn informed the Magistrate Judge.  *Id*.  Defendant was allowed to remain on the $150,000 unsecured bond until his plea herein.  *Id*.  At all times throughout these proceedings Defendant has been polite and cooperative with the Government during their investigation.  *Id*. **at 3.**  Prior to the December 4, 2006, Rule 11 hearing, Defendant was living with family in South Carolina and he continues to have strong family support.  *Id*.

The statute is silent as to the meaning of "exceptional reasons."  However, various courts considering this term have interpreted the phrase to mean "circumstances that are 'clearly out of the ordinary, uncommon, or rare.'"  **United States v. Sharp, 517 F. Supp. 2d 462, 464 (D.D.C. 2007) (quoting United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993)).** The Second Circuit has likewise considered this question and opined that "exceptional reasons" refers to "a unique combination of circumstances

---

[2] During the detention hearing, Defendant's counsel stated Defendant posted a $175,000 bond rather than the $150,000 bond represented in the written motion.  However, this discrepancy is of no relevance.

giving rise to situations that are out of the ordinary." ***United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991).**

The undersigned has considered Defendant's reasons and the supporting evidence from the detention hearing and does not find that they rise to the level necessary to support release pending sentencing. Defendant is unable to distinguish the reasons tendered for his release from the reasons that are likely offered by any defendant who has pled guilty to such charges.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Order of Detention is **AFFIRMED**, the Defendant's appeal is **DISMISSED**, and his motion for revocation of the Order of Detention is **DENIED.**

Signed: December 15, 2008

Lacy H. Thornburg
United States District Judge